UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

SELIM ZHERKA and RICHARD BLASSBERG,

                                    Plaintiffs,

              -against-

TOWN OF NEW CASTLE, New York, and
RICHARD POLCARI, individually,

                                    Defendants.

-------------------------------------------------------------x

'07 Civ. ( )

**COMPLAINT**

**Jury Trial Demanded**

ORIGINAL

'07 CIV 11249

        Plaintiffs SELIM ZHERKA and RICHARD BLASSBERG, by their attorneys

Lovett & Gould, LLP, for their complaint respectfully allege:


### NATURE OF THE ACTION

        1. This is an action for compensatory and punitive damages, proximately resulting

from conduct engaged in by the Defendants while they were acting under color of the

laws of the State of New York, for violations of Plaintiffs' rights as guaranteed by the

First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.


### JURISDICTION

        2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.


### THE PARTIES

        3. Plaintiff SELIM ZHERKA is a citizen of the United States, a domiciliary of the

State of New York, and a resident of the Northern Counties. He is also the

1

owner/publisher of a free weekly newspaper, "The Westchester Guardian" (hereinafter "Guardian"), which focuses on and reports about *inter alia* municipal corporate corruption.

4. Plaintiff RICHARD BLASSBERG is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. He is also the Editor-in-Chief of the Guardian.

5. Defendant RICHARD POLCARI (hereinafter "Polcari"), who is sued in his individual and official capacities, at all times relevant to this complaint was the duly appointed Code Enforcement Officer for the Defendant Town.

6. Defendant TOWN OF NEW CASTLE, New York (hereinafter "Town"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

7. The Town adopted as part of its Code, Chapter 87 concerning "NEWSRACKS" and provided in pertinent respect:

> "**§87-3. Intent.**
>
> \*                  \*                  \*
>
> A. Purpose. The provisions and prohibitions of this chapter have the purpose of securing and promoting the public health, safety, and general welfare of persons in the Town in their use of public rights-of-way through the regulation of placement, appearance, number, size and servicing of newsracks on the public rights-of-way. . .

   \*         \*         \*

**§Permit required.**

It shall be unlawful for any person, firm or corporation to install, place, maintain or operate on any public street or sidewalk, or in any other public way or place in the Town, any newsrack without first having obtained a permit from the Town Engineer specifying the exact location of such newsrack. . .

**§87-4. Application for permit; fee.**

A.  Application for such permit shall be made, in writing, to the Town Engineer. . .

B.  . . .the Town Engineer shall approve or disapprove the locations in accordance with the standards and criteria set forth in this chapter within 15 days of filing the application for such permit. In any case where the Town Engineer disapproves of a particular location, such disapproval shall be without prejudice to the applicant designating a different location.

C.  The Town Engineer shall grant a permit if the location and installation of the newsrack comply with all of the standards and criteria set forth in this chapter and if all other requirements of this chapter are met.

   \*         \*         \*

**§87-5. Conditions and duration of permit.**

   \*         \*         \*

B. Such permits shall be valid for one year and shall be renewable
 pursuant to the criteria and standards for original applications and upon

3

payment of the permit fee.

    *       *       *

### §87-6. Indemnification.

As a condition of approval of any newsrack permit, the distributor shall file a written statement with the Town Engineer. . .by which the owner agrees to indemnify, hold harmless and defend the Town, its officers and employees against any loss, liability or damage, including expenses and costs, for bodily or personal injury and for property damages sustained by any person as a result of the installation, use, and/or maintenance of a newsrack within the town.

### §87-7. Insurance.

As a condition of approval of any newsrack permit, the distributor shall file with the Town Engineer a certificate of insurance from an AM best rated insurance company . . .demonstrating that the distributor has general liability insurance within limits of at least $1 million each occurrence and $2 million general aggregate. The insurance policy must name the Town of New Castle as an additional insured.

    *       *       *

### §87-8. Location, placement and number of newsracks.

Any newsrack that rests, in whole or in part, on any portion of a public right-of-way or which projects onto, into or over any part of a public right-of-way shall be located in accordance with the following provisions:

    *       *       *

D. . .In determining which newsracks shall be permitted to be located or to remain if already in place, the Town Engineer shall be guided solely by the following criteria:

    (1) First priority shall be daily publications (published five or more days per week).

    (2) Second priority shall be publications published two to four days per week,

    (3) Third priority shall be publications one day per week.

**§87-9. Standards for maintenance and installations.**

Any newsrack that, in whole or in part, rests upon, in or over any public sideway or parkway shall comply with the following standards:

       *                 *                 *

    F. Each newsrack. . .shall be serviced and maintained so that:

        (1) It shall not be permitted to remain empty for a period exceeding 30 consecutive days.

**§87-10. Violations; removal; inspection fees.**

Upon determination by the Town Engineer that a newsrack has been installed, used or maintained in violation of this chapter, the Town Engineer shall issue an order to the distributor of the newsrack to correct the violation".

8. During the course of 2006 and 2007 the Town and Polcari have repeatedly confiscated newsracks containing multiple copies of the Guardian as placed and/or caused to be placed by Plaintiffs on public property within the Town. On the first two

such occasions the edition of The Westchester Guardian displayed through the front window of the newsracks bore headlines concerning corruption in the Town's Police Department - - a circumstance that in whole and/or in substantial respect motivated the Defendants to confiscate the publications along with the newsracks by reason of the content of Plaintiffs' speech.

9. Defendants have not confiscated the newsracks or the periodicals contained in them as placed by distributors of periodicals other than the Guardian since Defendants do not object to the content of the constitutionally protected speech contained in those periodicals.

10. As a proximate result of Defendants' conduct Plaintiffs were: forced to suffer repeated violations of their rights as guaranteed by the First Amendment to the United States Constitution; chilled in the prospective exercise of their rights as guaranteed by the First Amendment; caused to suffer repeated violations of their right to Equal Protection as guaranteed them by the Fourteenth Amendment to the United States Constitution; rendered anxious; caused emotional distress; made to suffer public humiliation; made to endure public embarrassment; and were otherwise made sick and sore.

### AS AND FOR A FIRST CLAIM AGAINST THE TOWN AND POLCARI

11. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

12. Defendants' conduct violated Plaintiffs' rights as guaranteed by the First Amendment, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM AGAINST
## THE TOWN AND POLCARI

13. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

14. Defendants' conduct violated Plaintiffs' right to Equal Protection as guaranteed by the Fourteenth Amendment, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM
## AGAINST THE TOWN

15. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

16. Section 87-4(B)'s vesting unbridled and unreviewable authority in the Building Inspector (without any objective time, place and/or manner limitations) to unilaterally determine the location for the placement of a and/or any newsrack violations Plaintiffs' rights as guaranteed by the First Amendment.

## AS AND FOR A FOURTH CLAIM
## AGAINST THE TOWN

17. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

18. Section 87-5's provision that newsrack permits are valid for one year, subject to renewal, constitutes an unlawful prior restraint on Plaintiffs' rights as guaranteed by

the First Amendment since Article 87 lacks any objective time, place and/or manner criteria.

## AS AND FOR A FIFTH CLAIM
## AGAINST THE TOWN

19. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

20. Section 87-6's conditioning of Plaintiffs civil rights upon a coerced agreement to indemnify is violative of their rights of free speech and freedom of the press as guaranteed by the First Amendment, 42 U.S.C. §.

## AS AND FOR A SIXTH CLAIM
## AGAINST THE TOWN

21. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

22. Section 87-6's indemnification requirement violates Plaintiffs' rights as guaranteed by the Equal Protection Clause of the Fourteenth Amendment and the First Amendment since no similar requirement and/or burden is imposed on other users of the public rights of way in the Town for: wheelchairs, baby carriages, bicycles, shopping carts, tricycles, wheelbarrows, automobiles, walking dogs on a leash, motorcycles and *inter alia* commercial vehicles.

8

### AS AND FOR A SEVENTH
### CLAIM  AGAINST THE TOWN

23. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

24. Section 87-7's insurance requirement violates Plaintiffs' rights as guaranteed by the Equal Protection Clause of the Fourteenth Amendment and the First Amendment for the same reason as the indemnification requirement as set forth *supra* in paragraph "22".

### AS AND FOR AN EIGHTH CLAIM
### AGAINST THE TOWN

25. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

26. Section 87-8(D)(1)'s mandatory grant of priority in location for newsracks whose publishers publish either daily and/or between two and four times per week violates Plaintiffs' rights as guaranteed by the First and Fourteenth Amendments, 42 U.S.C. §1983.

### AS AND FOR A NINTH CLAIM
### AGAINST THE TOWN

27. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

28. Section 87-9(F)(1)'s absolute prohibition against newsracks remaining empty for in excess of thirty consecutive days violates Plaintiffs' rights as guaranteed by the First and Fourteenth Amendments, 42 U.S.C. §1983.

## AS AND FOR A TENTH CLAIM
## AGAINST THE TOWN

29. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

30. Section 87-10's provisions governing violations and confiscation of newsracks constitute unlawful prior restraints (without benefit of objective time, place or manner standards) violative of Plaintiffs' rights as guaranteed by the First Amendment, 42 U.S.C. §1983.

## AS AND FOR AN ELEVENTH
## CLAIM AGAINST THE TOWN
## AND POLCARI

29. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

30. Under the premises Defendants' enforcement of Article 87 as against Plaintiffs chilled them in the exercise of their First Amendment rights, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

    a.  Awarding to Zherka and against Polcari $1,000,000 in  punitive damages or such higher sum as the jury may impose,

    b.  Awarding to Blassberg and against Polcari $500,000 in punitive damages or such higher sum as the jury may impose,

    c.  Awarding to Zherka and against Defendants $10,000,000 in compensatory damages,

    d.  Awarding to Blassberg and against Defendants $5,000,000 in compensatory damages,

10

e.  Permanently enjoining Defendants from enforcing as against Plaintiffs

    Article 87 and/or any of its provisions,

f.  Declaring Article 87 unconstitutional ,

g.  Awarding against both Defendants reasonable attorney's fees and

    costs, and,

h.   Granting such other and further relief as to the Court seems just and

    proper.

Dated: White Plains, N.Y.
       December 7, 2007

LOVETT & GOULD, LLP
By:_____
Jonathan Lovett (4854)
Attorneys for Plaintiffs
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401